UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERT ANTHONY SANCHEZ,<br><br>Plaintiff,<br><br>v.<br><br>FRANK WEBBER, et al.,<br><br>Defendants. | NO. EDCV 21-227-JFW (AGR)<br><br>ORDER DISMISSING FIRST AMENDED COMPLAINT WITH PREJUDICE |

**I.**

**PROCEDURAL HISTORY**

On February 8, 2021, Plaintiff, a state prisoner proceeding *pro se*, filed a civil rights complaint under 42 U.S.C. § 1983. (Dkt. No. 1.) On February 16, 2021, the Court dismissed the complaint with leave to amend. (Dkt. No. 5.) Specifically, the Court found that the complaint was barred by the statute of limitations and also that it failed to state a claim on which relief may be granted. (*Id*. at 3-7.) On March 5, 2021, Plaintiff filed a First Amended Complaint ("FAC"). (Dkt. No. 8.)

Plaintiff names as defendants (1) Detective Webber; (2) Detective Falco; (3) Los Angeles Police Department ("LAPD"); (4) Los Angeles County District

Attorney Gascón; and (5) California Attorney General Xavier Becerra.  (*Id*. at 2.)[1]  The individuals are sued only in their official capacity.  (*Id*.)

Pursuant to the Prison Litigation Reform Act, the Court has screened the FAC to determine whether it fails to state a claim on which relief may be granted.  28 U.S.C. § 1915A; 42 U.S.C. § 1997e(c)(1).

## II.
## SCREENING OF THE FIRST AMENDED COMPLAINT

### A.  Allegations

Plaintiff alleges that he was in the witness relocation and assistance program in 2008.  He received assistance moving out of state but defendants never offered him any other services such as medical (mental health) care, job placement, job training, or counseling or therapy for post traumatic stress disorder or drug addiction.  (Dkt. No. 8 at 9-12.)  Plaintiff further alleges that said services were withheld because of his criminal history and status as a parolee.  (*Id*. at 12-16.)

Plaintiff re-alleges the same three claims previously alleged in his complaint and seeks injunctive relief and damages.  (*Id.* at 16-18.)

### B.  Legal Standards

To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Id.* (citations omitted).

---

[1]  Because the pages of the FAC are not in consecutive order, page citations are to the page numbers assigned by the CM/ECF system in the header.

A pro se complaint is to be liberally construed. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). Before dismissing a pro se civil rights complaint for failure to state a claim, the plaintiff should be given a statement of the complaint's deficiencies and an opportunity to cure them unless it is clear the deficiencies cannot be cured by amendment. *See Eldridge v. Block*, 832 F.2d 1132, 1135-36 (9th Cir. 1987).

### III.
### THE FIRST AMENDED COMPLAINT IS BARRED BY THE STATUTE OF LIMITATIONS

As the Court explained in its February 16, 2021 dismissal order, Plaintiff's suit is barred by the statute of limitations on the face of the complaint. *See Von Saher v. Norton Simon Museum of Art*, 592 F.3d 954, 969 (9th Cir. 2010). The same is true of the FAC.

Federal courts apply the forum state's analogous statute of limitations to section 1983 claims. *See Wallace v. Kato*, 549 U.S. 384, 387 (2007); *Fink v. Shedler*, 192 F.3d 911, 914 (9th Cir. 1999). In California, the applicable limitations period is two years. Cal. Civ. Proc. Code § 335.1. Federal courts also apply the forum state's law regarding tolling, including equitable tolling, when not inconsistent with federal law. *See Mills v. City of Covina*, 921 F.3d 1161, 1166 (9th Cir.), *cert. denied*, 140 S. Ct. 388 (2019). With respect to equitable tolling, "[u]nder California law, a plaintiff must meet three conditions to equitably toll a statute of limitations: "(1) defendant must have had timely notice of the claim; (2) defendant must not be prejudiced by being required to defend the otherwise barred claim; and (3) plaintiff's conduct must have been reasonable and in good faith." *Bacon v. City of Los Angeles*, 843 F.2d 372, 374 (9th Cir. 1988).

Federal law, however, governs when a claim accrues. *Id.; Wallace*, 549 U.S. at 388. "Under federal law, a cause of action accrues when the plaintiff knows or has reason to know of the injury that is the basis of the action." *Belanus*

*v. Clark*, 796 F.3d 1021, 1025 (9th Cir. 2015). "'The cause of action accrues even though the full extent of the injury is not then known or predictable.'" *Wallace*, 549 U.S. at 391 (citation omitted).

The FAC alleges a section 1983 claim arising from the same 2008 incident related to Plaintiff's placement in the witness relocation program. Thus, as previously stated, any section 1983 claim arising from this incident accrued in 2008 because that is when the defendants failed to offer assistance other than relocation, and Plaintiff was aware of his injury at that time. *See Belanus*, 796 F.3d at 1025. The statute of limitations expired two years later and Plaintiff's claims remain more than ten years late.[2]

In the order dismissing Plaintiff's complaint with leave to amend, the Court instructed Plaintiff that, should he choose to file a FAC, "Plaintiff must allege facts showing he is entitled to tolling of the statute of limitations for the entire time period." (Dkt. No. 5 at 4.)

The FAC does not allege any basis for equitable tolling of the statute of limitations and does not explain why Plaintiff waited so many years to file his suit.[3] Accordingly, the claims raised in the FAC are barred by the statute of limitations.

## IV.
## IMMUNITY FOR THE ATTORNEY GENERAL

The FAC names as a defendant the California Attorney General in his official capacity. (Dkt. No. 8 at 2-3.)

A suit against a state officer in his or her official capacity is "another way of

---

[2] There is no indication in the FAC that Plaintiff was incarcerated during that time. Even assuming Plaintiff was incarcerated during the limitations period and is entitled to two additional years of statutory tolling under Cal. Civ. Proc. Code § 352.1(a), the statute of limitations expired no later than December 31, 2012.

[3] In fact, Plaintiff acknowledges the lengthy gap between his placement in the witness relocation program and the filing of his complaint, noting that "this complaint is over 12 years in the making." (Dkt. No. 8 at 2.)

4

pleading an action against [the] entity of which [the] officer is an agent." *Hafer v. Melo*, 502 U.S. 21, 25 (1991) (citations omitted). "Suits against state officials in their official capacity therefore should be treated as suits against the State." *Id.*

In *Will v. Michigan Department of State Police*, 491 U.S. 58, 64-66 (1989), the Supreme Court held that states and state agencies are not "persons" subject to civil rights suits under section 1983. Moreover, the Eleventh Amendment prohibits federal jurisdiction over claims against a state unless the state has consented to suit or Congress has abrogated its immunity. *See Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 99-100 (1984).

California has not consented to be sued under section 1983 in federal court, and the Supreme Court has held that section 1983 was not intended to abrogate a state's Eleventh Amendment immunity. *See Dittman v. California*, 191 F.3d 1020, 1025-26 (9th Cir. 1999) (citing *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 241 (1985) and *Kentucky v. Graham*, 473 U.S. 159, 169 n.17 (1985)).

The Eleventh Amendment does not bar official-capacity claims against state officials for prospective injunctive relief to end a continuing violation of federal law. *See Ex Parte Young*, 209 U.S. 123, 155-57 (1908). The state official "'"must have some connection with the enforcement of the act"'" that "'must be fairly direct; a generalized duty to enforce state law or general supervisory power over the persons responsible for enforcing the challenged provision will not subject an official to suit.'" *Ass'n des Eleveurs de Canards et d'Oies du Quebec v. Harris*, 729 F.3d 937, 943 (9th Cir. 2013) (citations omitted).

Plaintiff alleges that the Attorney General "has oversight of the Witness Relocation program and is directly involved with policies [and] procedures." (Dkt. No. 8 at 3.) In support of this contention, Plaintiff includes a copy of the California Witness Relocation and Assistance Program Annual Review to the Legislature 2007-2008 which bears the seat of the California Office of Attorney General and, according to Plaintiff, shows that the Attorney General is "directly linked to

programming [and] oversight of the Relocation program." (*Id*. at 10 & 19-36.)

In the order dismissing Plaintiff's claims against the California Attorney General with leave to amend, the Court informed Plaintiff that, should the FAC include a claim against the California Attorney General in his official capacity, Plaintiff must allege facts showing the Attorney General has some connection to the claims for enforcement beyond a general duty to enforce state law or general supervisory power. (Dkt. No. 5 at 6.)

Plaintiff has failed to do so. The Annual Report Plaintiff submitted merely shows that the Office of the Attorney General exercised its statutory power to administer the Relocation program. *See* Cal. Penal Code §§ 14022, 10424. The FAC alleges no facts showing that the California Attorney General participated in the decision not to offer Plaintiff mental health care or other services, or that the Attorney General had some connection to the policies Plaintiff challenges.

Accordingly, the claims against the California Attorney General in his official capacity are dismissed with prejudice.

## V.

## **FAILURE TO STATE A CLAIM FOR RELIEF**

As discussed above, Plaintiff's claims asserted in the FAC are time barred. Alternatively, the FAC fails to state a claim for relief.

In the order dismissing the complaint with leave to amend, the Court informed Plaintiff that the Eighth Amendment does not apply to his claims because Plaintiff did not allege that he was a convicted prisoner in custody at the time he was put into the witness relocation program and not offered various services. (Dkt. No. 5 at 6-7.) The Court admonished Plaintiff that, if he chooses to file a FAC, he must allege facts showing why the Eighth Amendment applies to his claims at the time he was put into the witness relocation program and was not offered various services, or allege some other federal basis for relief. Plaintiff has not done so.

The FAC alleges the same claims of cruel and unusual punishment under the Eighth Amendment previously alleged in the dismissed complaint. (Dkt. No. 8 at 3-5 & 9-13.) Plaintiff does not allege that he was in custody when he events giving rise to his claims occurred. *See Castro v. Cnty. of Los Angeles*, 833 F.3d 1060, 1067-68 (9th Cir. 2016) (en banc). Nor does he allege any other federal basis for his claim that he was not offered services other than witness relocation under the terms and conditions of his participation in the witness relocation program in 2008.

Accordingly, the FAC is dismissed without leave to amend.

## VI.
## ORDER

For the reasons discussed above, IT IS ORDERED that the First Amended Complaint is dismissed without leave to amend and that Judgment be entered accordingly. The Plaintiff has had an opportunity to cure the deficiencies in his complaint but has been unable to do so. Leave to amend would be futile.

All pending motions are denied as moot.

**IT IS SO ORDERED.**

DATED: April 8, 2021

_____
JOHN F. WALTER
United States District Judge